UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

BILLY LAND,

          *Plaintiff-Appellant,*

        v.

THEODIS BECK, Secretary of
Correction; JAMES B. BENNETT,
Director of Prisons; GRADY J.
HAYNES, Superintendent of Warren
Correctional; HATTIE B. PIMPONG,
Chief Disciplinary Hearing Officer;
ROBERT TERRY, JR., Hearing Officer;
LT. NORWOOD; J. R. JAMES,
Lieutenant; T. BROWN, Officer; D.
HARDING, Officer; A. PATTERSON,
Officer,

          *Defendants-Appellees.*

No. 01-7386

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-01-533-5-BO)

Submitted: December 7, 2001

Decided: December 28, 2001

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

---

Affirmed as modified by unpublished per curiam opinion.

---

## COUNSEL

Billy Land, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Billy Land appeals the district court's order denying relief on his 42 U.S.C.A. § 1983 (West Supp. 2001) complaint. We have reviewed the record and the district court's opinion and find no reversible error. To the extent, however, that the court dismissed claims challenging the validity of Land's institutional conviction and revocation of good time credits, we note that such claims are not cognizable under § 1983 absent a showing that the institutional conviction supporting the revocation of good time credits has been overturned. *See Edwards v. Balisok*, 520 U.S. 641, 645-646 (1997). A prisoner may challenge the revocation of good time credits only by way of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, we modify the district court's order to reflect that Land's claims challenging the revocation of his good time credits, which would include all his claims other than his claim that he was improperly required to pay an administrative fee, should be dismissed without prejudice to his right to reassert such claims in a habeas action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*